UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WALLACE,<br><br>    Plaintiff,<br><br>    v.<br><br>DONELL SLIVKA,<br><br>    Defendant. | No.  2:17-cv-0620 KJN P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

<u>Introduction</u>

    Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  As set forth below, the court finds that plaintiff's complaint should be dismissed without leave to amend.

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1 forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly
2 payments of twenty percent of the preceding month's income credited to plaintiff's trust account.
3 These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
4 the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
5 § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555.  However, "[s]pecific

facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff names Donell Slivka, Sacramento County Deputy District Attorney, as the sole defendant.  Slivka prosecuted plaintiff in criminal case number 09F09095.  Plaintiff alleges that defendant knowingly presented false evidence and testimony, and kept material and favorable evidence from the plaintiff and the jury, all constituting prosecutorial misconduct under the Fifth, Sixth and Fourteenth Amendments.  Plaintiff contends he did not discover the evidence of this alleged misconduct until 2013-14.  Plaintiff seeks money damages.

Discussion

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).  If plaintiff prevailed on his claim that he was wrongfully convicted, a judgment in plaintiff's favor would necessarily imply the invalidity of plaintiff's criminal conviction.

In addition, where, as here, a state prosecutor engaged in activities intimately associated with the judicial phase of the criminal process, he is entitled to absolute immunity.  Broam v. Bogan, 320 F.3d 1023 (9th Cir. 2003); see also Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.

3

1986) ("Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority.")

The proper avenue for plaintiff to pursue relief is by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.  See, e.g., Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2003). Moreover, review of court records demonstrates that plaintiff filed a petition for writ of habeas corpus challenging his 2010 conviction in Wallace v. Barnes, No. 2:14-cv-0157 MCE EFB (E.D. Cal.), which is presently pending.

Thus, plaintiff's complaint must be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The request to proceed in forma pauperis is granted; and

2. The Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 28, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wall0620.56