UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WALLACE,<br><br>    Plaintiff,<br><br>    v.<br><br>DONELL SLIVKA,<br><br>    Defendant. | No. 2:17-cv-0620 KJN P<br><br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On March 28, 2017, the undersigned filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. On April 3, 2017, plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). In light of plaintiff's consent, the Clerk of the Court is directed to remove the reference of this case to the district court judge.

    On April 14, 2017, plaintiff filed objections to the findings and recommendations. Upon review of the objections, the undersigned finds that this action is barred by Heck v. Humphrey, 512 U.S. 477, 487-88 (1994), because plaintiff seeks damages for an allegedly unconstitutional

1

conviction or imprisonment that has not been reversed or called into question. (ECF No. 4 at 3.) In his objections, plaintiff asks the court to "combine" the instant case with his habeas petition proceeding in Wallace v. Barnes, No. 2:14-cv-0157 MCE EFB (E.D. Cal.). However, such relief is inappropriate. Plaintiff may not join civil rights claims in his habeas action. Rather, plaintiff must first pursue habeas relief. Then, if his conviction or sentence is reversed, expunged, declared invalid, or called into question (ECF No. 4 at 3), plaintiff may file a civil rights action seeking damages at that time.[1]

In light of plaintiff's objections, the undersigned conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations are supported by the record and by proper analysis, and therefore dismisses this action.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to remove the district judge assignment; and

2. This action is dismissed without prejudice.

Dated: April 20, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wall0620.804

---

[1] Plaintiff would then pursue his arguments that defendant is not entitled to immunity in the new civil rights action.